**SUMMIT VALLEY INDUSTRIES, INC., a Montana Corporation, Plaintiff,**

v.

**LOCAL 112, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, Defendant.**

No. CV 74–121–BU.

United States District Court,
D. Montana,
Butte Division.

Aug. 27, 1979.

Donald C. Robinson, Poore, McKenzie, Roth, Robischon & Robinson, Butte, Mont., for plaintiff.

Paul T. Bailey, Portland, Or., Robert J. Holland, Butte, Mont., for defendant.

## FINDINGS OF FACT

I.

RUSSELL E. SMITH, District Judge.

It was necessary to the survival of Summit Valley Industries, Inc. (Summit Valley) as a business to prevent the defendant, Local 112, United Brotherhood of Carpenters and Joiners of America (Union), from violating §§ 8(b)(4)(B) and 8(b)(4)(D) of the Act (29 U.S.C. § 158(b)(4)(B) and (b)(4)(D)). To that end, by reason of continued threats on the part of the Union, it was necessary to employ attorneys from the time of the commencement of the picketing until the time of the denial of certiorari by the Supreme Court of the United States.

II.

The firm of Poore, Roth, Robischon & Robinson, P.C., was employed by the plaintiff to stop the Union's violations of the Act. The reasonable value of the legal services rendered for this purpose and during the time described in Paragraph I, and the amount for which plaintiff became obligated, was the sum of $12,584.65. The amount of costs incurred was $1,019.68. The total obligation of plaintiff for such legal fees and costs was the amount of $13,604.33.

III.

Of necessity, the plaintiff's plant manager, Eugene Spolar (Spolar), participated in all of the proceedings leading to the issuance of an injunction. The time spent was 147 hours. He was at the time being compensated at the rate of $2,000.00 per month and worked approximately 60 hours per week. His hourly rate was about $8.00. The cost of the services lost by plaintiff was the sum of $1,176.00.

## CONCLUSIONS OF LAW

I conclude that the plaintiff is not entitled to recover damages for attorneys'

fees. I base this conclusion on the case of *Mead v. Retail Clerks Local 839*, 523 F.2d 1371 (9th Cir. 1975), by which, regardless of my own opinion, I am bound. The court in that case, noting that there were contrary decisions, held that the attorneys' fees incurred in proceedings before the NLRB were not recoverable under the Labor Management Relations Act, 1947, § 303, 29 U.S.C. § 187. Plaintiff seeks to distinguish the *Mead* case on the ground that the illegal activity in *Mead* had ceased before the NLRB proceeding was filed. That fact, if it is a fact, is not apparent from the decision, and, in any event, was not stated to be a reason for the result reached. *Mead* appears to me to be grounded in the policies expressed in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), reinforced by a desirability in labor relations cases of deferring to the power of the NLRB to fix attorneys' fees as a part of its duty to effectuate the policies of the Act. I am aware that in the case of *Sillman v. Teamsters Local 386*, 535 F.2d 1172 (9th Cir. 1976), the Court of Appeals for the Ninth Circuit did affirm a district court judgment which included an award for attorneys' fees incurred in the related unfair labor practice proceedings. What happened in *Sillman* was that the appellant union in its brief filed July 3, 1974, in apparent reliance on *Sheet Metal Workers Local 223 v. Atlas Sheet Metal Co.*, 384 F.2d 101 (5th Cir. 1967), which it cited, did not specify the award of attorneys' fees by the district court as error. The decision in *Mead*, which expressly disavowed *Sheet Metal Workers*, was not decided until October 1975. In *Sillman* the point decided by *Mead* was not raised by specification of error and was, by virtue of *Sheet Metal Workers*, virtually conceded. *Mead* was not mentioned in either the briefs or the opinion and in my opinion cannot be said to have been overruled or distinguished by *Sillman*.

The plaintiff's claim for damages, based upon a loss of Spolar's time, is troublesome. The defendant's unlawful activity did require NLRB proceedings, which in turn caused Spolar to absent himself from his usual supervisory activities. The company did lose Spolar's time. It may be noted here that Spolar, who was uncontradicted, said that the loss of his time did cause a loss of production. In somewhat similar circumstances courts have allowed as damages the salaries of employees rendered unproductive by reason of illegal union activity. *See Refrigeration Contractors, Inc. v. Local 211, United Association of Journeymen*, 501 F.2d 668 (5th Cir. 1974); *Abbott v. Local 142, United Associations of Journeymen*, 429 F.2d 786 (5th Cir. 1970); *Sheet Metal Workers Local 223 v. Atlas Sheet Metal Co.*, 384 F.2d 101 (5th Cir. 1967); *Mason-Rust v. Laborers Local 42*, 306 F.Supp. 934 (E.D.Mo. 1969); *aff'd*, 435 F.2d 939 (8th Cir. 1970); *Wells v. International Union of Operating Engineers, Local 181*, 206 F.Supp. 414 (W.D. Ky.1962).

There is some language in the decisions which seems to equate attorneys' fees with other expenses of litigation. Thus, in *Mead v. Retail Clerks Local 839*, 523 F.2d 1371 (9th Cir. 1975), it was said at 1380:

Expenses of prior litigation, including attorneys' fees, may be recovered where, because of a defendant's wrongful conduct, the plaintiff was forced to prosecute or defend an action involving a third party;

and, at 1381:

The Board recently reasserted its adherence to this general rule but held that the charged party may be required to reimburse the charging party's expenditure for attorneys' fees and other costs of litigation if the charged party's defense before the Board is frivolous or in bad faith. . . . It is for the Board, not the courts, to determine whether the conflicting interests are best resolved by imposing litigation costs upon the defeated party before the Board.

■ Despite the quoted language, it is my opinion that damages may be awarded here for Spolar's lost time. Section 303(b) provides that a successful plaintiff "shall recover the damages by him sustained and the cost of the suit." The loss of Spolar's

time, for which plaintiff paid, is, after all, a "damage sustained," and the damage is sustained because of defendant's illegal conduct. In a sense, the loss of Spolar's time is one of the costs of the litigation, but it is nonetheless a damage sustained. I do not think that *Mead*, in disallowing attorneys' fees, logically compels a decision that the claim for Spolar's time should be disallowed. Attorneys' fees are generally disallowed, and allowance is the exception; but the rule as to attorney's fees is well-articulated and so generally used as to be called the "American Rule." History may justify the decision in *Mead*, but there is no uniform rule as to other litigation costs. The loss of an employee's time because of litigation is a damage. There is no history so clear that such damage should not be allowed because it could also be classified as a cost of litigation.